**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

AXT Solutions Inc., f/k/a. Lombard Trading
International Corp.

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| | ) | |
| TOI Commodities S.A. | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**PETITION TO CONFIRM AND ENFORCE A FOREIGN ARBITRAL AWARD AND FOR**
**ENTRY OF JUDGMENT**

Petitioner AXT SOLUTIONS INC. f/k/a LOMBARD TRADING INTERNATIONAL CORP. ("Petitioner Lombard")[1], by and through the undersigned counsel, files this Petition to Confirm and Enforce A Foreign Arbitral Award and For Entry of Judgment ("Petition") against Respondent TOI Commodities S.A. ("Respondent TOI"), and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a proceeding to confirm and enforce a foreign arbitration award, issued and rendered by Grain and Feed Trade Association in ("GAFTA Tribunal"), in London England, dated December 22, 2025 ("GAFTA Award"), in an arbitration designated In the Matter of An Arbitration Pursuant to the Arbitration Rules No 125 of the Grain and Feed Trade Association between Claimants Lombard International Trading Corp vs. Respondents TOI Commodities, S.A.

---

[1] Petitioner is a Delaware corporation. On November 17, 2025, for business reasons unrelated to the Foreign Arbitral Award or this Petition, Petitioner Lombard changed its corporate name from Lombard Trading International Corp. to AXT Solutions Inc.  For purposes of continuity and clarity Petitioner shall refer to itself as Petitioner Lombard throughout this Petition.

MG/L/TOI/EGA/MGLTOIEGA 6000 petition to confirm GAFTA Aribtration award

("GAFTA Arbitration Proceeding"). **Exhibit 1** contains a certified, notarized and apostilled GAFTA Award of Arbitration making an award for Petitioner Lombard and against Respondent TOI.

2.      The amount of the December 22, 2025 GAFTA Award in favor of Petitioner Lombard and against Respondent TOI is $21,939,946.53 and continuing interest from December 22, 2025, of 5% per annum compounded quarterly until fully paid. See **Exhibit 1 GAFTA Award**.

<strong>THE PARTIES</strong>

3.      **Petitioner.** Petitioner Lombard is a Delaware Company with its principal office in Miami, Florida.  Petitioner Lombard was the Petitioner in the GAFTA Arbitration proceeding and fully participated in this proceeding by representation of counsel filing witness statements, pleadings and being otherwise a full participant

4.      **Respondent.**  Respondent TOI Commodities, S.A. has its principal office in Geneva Switzerland. Respondent TOI was the Respondent in the GAFTA Arbitration proceeding and fully participated in this proceeding by representation of counsel filing witness statements, pleadings and being otherwise a full participant**.**

5.      Pursuant to 9 U.S.C. § 207, Petitioner Lombard commences this proceeding to confirm and enforce the **Exhibit 1 GAFTA Award** against Respondent TOI.

<strong>JURISDICTION  AND  VENUE</strong>

6.      This Petition seeks confirmation of a foreign arbitral award pursuant to 9 U.S.C. § 207 under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards,

2

MG/L/TOI/EGA/MGLTOIEGA 6000 petition to confirm GAFTA Aribtration award

implemented by the United States under Chapter 2 of the Federal Arbitration Act, and codified at 9 U.S.C. §§ 201-208. Under 9 U.S.C. § 203, this Court has subject matter jurisdiction over the dispute because the GAFTA Award and the agreement to arbitrate involved a party, Respondent TOI, that is not a U.S. company and is a company organized under the laws of Switzerland and situated in Geneva, Switzerland.

7.      This court has original jurisdiction over the subject matter of this action under 9 U.S.C. § 203 and 28 U.S.C. § 1331.

8.      This Court has personal jurisdiction over Respondent TOI based on the Parties' activities in the Southern District of Florida, including multiple in person meetings by representatives of Petitioner Lombard and by representatives of Respondent TOI in the Southern District of Florida relating to the September 5, 2023 Contract to purchase 31,000 metric tons of Argentine Extracted Toasted Soybean Meal, as particularly described in **Exhibits 1 and 2**.

9.      **Exhibit 3** contains a declaration of Gonzalo de Lusarreta who was an agent representative of TOI who negotiated the essential business and financial terms of the **Exhibit 2** September 5, 2023 Contract in several meetings in Miami Florida.

10.     Venue is proper in this Court under 9 U.S.C. § 204 and 28 U.S.C. § 1391 on the grounds that (A) Petitioner Lombard's principal office is in this Southern District of Florida, (B) Respondent TOI and Petitioner Lombard met several times in person at Petitioner Lombard's principle office and/or within the Southern District of Florida to discuss, negotiate, and execute the September 5, 2023 Contract.

11.     This proceeding is brought within the time required pursuant to 9 U.S.C. § 207

3

MG/L/TOI/EGA/MGLTOIEGA 6000 petition to confirm GAFTA Aribtration award

which is three years from the December 22, 2025 GAFTA Award date.

## THE AGREEMENT TO ARBITRATE

12.     Petitioner Lombard and Respondent TOI entered into the **Exhibit 2** contract for the purchase and sale and of Agri-commodities.

13.     According to the **Exhibit 2** Agri-Commodities Contract on page 5 the Parties agreed to arbitrate any dispute:

> **"General Conditions**:
> All other terms, if not in contradiction with the above contract terms, as per G.A.F.T.A 39, latest editions, of which both parties deem to be cognizant. Arbitration in London, U.K. AS PER G.A.F.T.A. 125. Arbitration rules, latest edition, of which both parties deem to be cognizant.
> **For and on behalf the Seller**:                     **For and on behalf the Buyer**:
> [signature]                                                  [signature]"

14.     The GAFTA Arbitration was conducted pursuant to the arbitration clause contained in the page 5 Agri-Commodities Contract. See **Exhibit 2**.

## THE GAFTA ARBITRATION PROCEEDING AND THE AWARD

15.     On September 4, 2024, Petitioner Lombard claimed arbitration before GAFTA against Respondent TOI. The GAFTA Arbitration Proceeding was "Arbitration No. 19-430. See **Exhibit 1**.

16.     The GAFTA Arbitration Proceeding was pursuant to and governed by GAFTA 125 Arbitration Rules by agreement of Petitioner Lombard and Respondent TOI. See **Exhibit 2**, page 5**.**

17.     The GAFTA Tribunal confirmed the GAFTA Award and the Parties agreement to arbitrate:

4

MG/L/TOI/EGA/MGLTOIEGA 6000 petition to confirm GAFTA Aribtration award

"1.3. As the seat of the arbitration is England and the Award is subject to English procedural and substantive laws, it follows that this is an English Award for the purpose of recognition and enforcement under the terms of the 1958 New York Convention on the Recognition and Enforcement of Foreign Arbitral Awards." **Exhibit 1**, page 2.

18.     The GAFTA Tribunal was appointed by Respondent TOI, Petitioner Lombard and GAFTA.

a.   On September 13, 2024, Respondent TOI appointed one arbitrator [See **Exhibit 1** paragraph 1.4];

b.   On September 22, 2024 Petitioner Lombard appointed one arbitrator [See **Exhibit 1** paragraph 1.4];

c.   On June 3, 2025, GAFTA appointed the third arbitrator which was Chairman of the GAFTA Tribunal. [See **Exhibit 1** paragraph 1.4].

19.     Prior to the December 22, 2025 GAFTA Award rendering,  Petitioner Lombard actively and fully participated in the GAFTA Arbitration proceeding with counsel.

20.     Prior to the December 22, 2025 GAFTA Award rendering, Respondent TOI actively and fully participated in the GAFTA Arbitration proceeding with counsel.

21.     In the GAFTA Award (**Exhibit 1**, page 29), the GAFTA Tribunal made a monetary award against Respondent TOI and payable to Petitioner Lombard:

**6**. **AWARD:**
    **6.1  WE  AWARD  THAT** Buyers  shall  forthwith  pay  to  Sellers  USD 17,533,356.66 (United States Dollars seventeen million five hundred and thirty-three thousand three hundred and fifty-six with sixty-six cents).
    **6.2 WE FURTHER AWARD THAT** Buyers shall forthwith pay to Sellers the sum of USD 4,406,589.87 (United States Dollars four million four hundred and six thousand five hundred and eighty-nine with eighty-seven cents).
    **6.3 WE FURTHER AWARD THAT** Buyers shall pay interest to Sellers on the sums awarded in paragraphs 6.1 and 6.2 above, at the rate of 5% per annum, compounded quarterly, from the date of this award until the date of

5

payment. See **Exhibit 1**, page 27.

22.     The GAFTA Award amounts [$21,939,946.53 plus accruing 5% interest] payable by the Respondent TOI to Petitioner Lombard are due and payable as of the December 22, 2025 GAFTA Award date.

23.     As of the date of this Petition, Respondent TOI has not paid any of the amount [$21,939,946.53 plus accruing interest] of the GAFTA Award, which was due and payable and enforceable as of December 22, 2025.

24.     Respondent TOI has no lawful basis to refuse to pay the GAFTA Award.

25.     No prior applications in this or any other United States court for similar relief has been sought by Petitioner.

## COUNT ONE: CONFIRMATION & ENFORCEMENT OF ARBITRAL AWARD – GAFTA AWARD

26.     Lombard restates and realleges the allegations set forth in Paragraphs 1 through 25 as if stated herein.

27.     In accordance with 9 U.S.C. § 207, Petitioner filed this Petition within three years of the date of the December 22, 2025 GAFTA Award.

28.     There is no ground for refusing or deferring recognition or enforcement of the GAFTA Award pursuant to 9 U.S.C. § 207 or otherwise.

29.     There is no ground for refusing or deferring recognition or enforcement of the GAFTA Award pursuant to 9 U.S.C. § 207, Article V of the New York Convention, or otherwise.

30.     Petitioner Lombard respectfully requests that this Court confirm and enforce the GAFTA Award against Respondent TOI and enter judgment accordingly in favor of Petitioner Lombard and against Respondent TOI for the full amount of the GAFTA Award and such other

6

MG/L/TOI/EGA/MGLTOIEGA 6000 petition to confirm GAFTA Aribtration award

amounts and provisions as are just and appropriate;

**WHEREFORE**, Petitioner Lombard respectfully request that this Court enter an order and judgment against Respondent TOI, granting the following relief in favor of Petitioner Lombard:

a. Confirming the GAFTA Award pursuant 9 U.S.C. § 207.

b. As provided in the GAFTA Award, granting monetary damages in favor of Petitioner Lombard and against Respondent TOI, as follows:

    I. Respondent TOI shall pay Petitioner Lombard $21,939,946.53 as provided in the GAFTA Award;

    II. Respondent TOI shall pay Petitioner Lombard continuing interest of 5 % per annum compounded quarterly on the GAFTA Award amount of $17,533,356.66 and $4,406,589.87 which equals $21,939,946.53 from the date of the GAFTA Award December 22, 2025 until fully paid;

c. Awarding Petitioner Lombard its attorney fees and costs incurred in this proceeding;

d. Retaining jurisdiction to enforce the Court's order and judgment; and

e. Granting Petitioner Lombard such other and further relief as this Court deems just and appropriate

7

MG/L/TOI/EGA/MGLTOIEGA 6000 petition to confirm GAFTA Aribtration award

**Exhibit**s:

Exhibit 1 – GAFTA Award December 22, 2025.

Exhibit 2 – Soybean Meal Contract – Petitioner Lombard and Respondent TOI

Exhibit 3 -  Declaration of Gonzalo de Lusarreta


Dated:  March 27, 2026

Respectfully submitted,

*/s/* Nicholas A. Collazo
Nicholas Collazo (Fla Bar 1027028)
James D. Whisenand (Fla Bar 166000)
Whisenand & Turner, P.A.
240 Crandon Blvd., Suite 250
Key Biscayne, Florida 33149
Tel: (305) 375-8484
Attorneys for Petitioner

MG/L/TOI/EGA/MGLTOIEGA 6000 petition to confirm GAFTA Aribtration award